Robyn DOUGLASS, Plaintiff,

v.

HUSTLER MAGAZINE, INC., and Augustine Gregory, Defendants.

No. 81 C 6939.

United States District Court,
N.D. Illinois, E.D.

Sept. 24, 1984.

Reversed and remanded, 7th Cir.,
June 17, 1985.

William D. Serpico, Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, Ill., for plaintiff.

Peter G. Bell, Cassidy, Schade & Gloor, Glen H. Kanwit, Peter F. Lovato, III, Jerome E. Boyle, Hopkins & Sutter, Chicago, Ill., for defendant Hustler Magazine, Inc.

A. Mark Ialongo, Chicago, Ill., for defendant Augustine Gregory.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court are motions by defendant Hustler Magazine, Inc. ("Hustler") for judgment notwithstanding the verdict, or, in the alternative, for a new trial. For the reasons stated herein, Hustler's motion for judgment notwithstanding the verdict is denied. Hustler's motion for a new trial will be denied if plaintiff accepts remittitur in the amount of $600,000. In the event plaintiff refuses remittitur, Hustler's motion for a new trial will be granted.

## I. FACTS

Plaintiff Robyn Douglass brought suit against defendant Hustler and defendant Augustine Gregory, a photographer and former employee of Hustler, alleging invasion of privacy, false light, and wrongful appropriation of plaintiff's likeness by publishing photographs of Douglass without her consent. After trial on the merits, the jury found for Douglass and against both defendants. Hustler was assessed $500,000 in compensatory damages and $1,500,000 in punitive damages; Gregory was assessed $500,000 in compensatory damages.

## II. DISCUSSION

A. *Covenant Not to Execute Judgment*

After trial it was revealed to this Court and to Hustler that Douglass had entered into an agreement with Gregory

which stipulated she would not execute any judgment against Gregory as long as Gregory's testimony remained consistent with a previous affidavit. Hustler requests post-trial relief on the grounds that Douglass' agreement with Gregory to enter into a covenant not to execute judgment at the close of trial deprived the trial of its adversary character. Hustler further argues that because the agreement was not disclosed to the Court and the jury at the time it was made, the trial was tainted, a defect which can be cured only by a new trial. Although there is some confusion as to whether or not the oral agreement was actually disclosed to Hustler's counsel, the Court, having reviewed the affidavits of the parties and their attorneys, finds that Douglass' failure to disclose the oral agreement was, at worse, harmless error. Fed. R.Civ.P. 61.

The controlling law on procedures in federal courts is federal law. In this Circuit, the most recent case resolving an issue similar to this one is *Quad/Graphics, Inc. v. Myron Fass*, 724 F.2d 1230 (7th Cir. 1983). In *Quad/Graphics*, which involved a pretrial settlement between the plaintiff and one defendant, the court stated that "nonsettling defendants who are not prejudiced by a partial settlement have no standing to challenge it." *Id.* at 1232. *See also In Re Beef Industry Antitrust Litigation*, 607 F.2d 167, 172 (5th Cir.1979). The court concluded that a "nonsettling party must demonstrate plain legal prejudice in order to have standing to challenge a partial settlement." *Quad/Graphics*, 724 F.2d at 1233. By applying the standard of plain legal prejudice to challenges to partial settlements, the *Quad/Graphics* court stressed that:

... the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice. This standard should strike the proper balance between the policy consideration of encouraging voluntary resolution of litigation and the court's duty to protect the rights of the parties before it. *Id.* 1233.

In this case, the covenant not to enforce judgment entered into between Douglass and Gregory is a type of settlement agreement. It is therefore appropriate to apply the standard of plain legal prejudice articulated in *Quad/Graphics*. Although the interests of justice would best have been served had the oral agreement been precisely communicated during the trial to Hustler and to this Court, Hustler has not shown plain legal prejudice as a result of Douglass' failure to do so. Clearly, there is no evidence in the record to indicate that Gregory's testimony at trial was influenced by the prospective covenent. In fact, the record shows Gregory's testimony substantially agrees with his affidavit given well before the time of trial.

Although the jury should have as much relevant information presented to it as possible, the absence of one fact is not necessarily prejudicial. Indeed, in *Quad/Graphics*, the court indicated that a showing of injury in fact or the creation of a tactical advantage is insufficient to establish plain legal prejudice. *Quad/Graphics*, 724 F.2d at 1233. There is nothing in the record to indicate, and defendant Hustler has not shown, that the jury would have brought in a different verdict had it been informed of the oral agreement between Douglass and Gregory.

Because Hustler has not demonstrated plain legal prejudice due to the unrevealed oral agreement between Douglass and Gregory or due to the covenant not to execute judgment signed by Douglass and Gregory, it is unlikely the jury would have reached a different conclusion had information concerning the covenant been revealed. Therefore, the trial was not tainted and a new trial is not necessary on the grounds of an undisclosed agreement.

Hustler next claims its liability for Douglass' injuries is wholly derivative from its employee Gregory under the theory of "respondeat superior." Therefore, according to Hustler, the covenant not to execute judgment against Gregory eliminated Douglass' right of recovery against Hustler.

Douglass' complaint, however, stated separate causes of action against Hustler as well as those derivative from Hustler's

employee Gregory. Furthermore, the jury was properly instructed on the law concerning the relationship between a corporation and its officers and employees. The jury was instructed:

> The defendant Hustler is a corporation and can act only through its officers and employees. If you find against defendant Hustler on either of plaintiff's claims and determine that plaintiff is entitled to an award of compensatory damages, you may award punitive damages against Hustler only if you find that a superior officer of the corporation acted with actual malice and ordered, participated in or ratified the conduct upon which an award of punitive damages must be based. R. 134, p. 30.

The jury awarded relatively large punitive damages against Hustler and none against Gregory. Therefore, the jury must have found that activities of one or more superior officers of Hustler were such as to warrant the award. The jury is the finder of fact in this case and this Court will not disturb the jury's determination of Hustler's independent liability to Douglass.

### B. *Standard of Burden of Proof*

Hustler argues that a new trial is warranted because the jury was improperly instructed as to the burden of proof. Hustler claims that instructing the jury that a preponderance of the evidence standard applied is inconsistent with the *New York Times* actual malice standard in privacy cases.

The central tension in the law of libel is between the necessity for strong First Amendment protection in order to guarantee the freedom of expression essential to a democratic government and the "strength of the legitimate state interest in compensating private individuals for wrongful injury to reputation." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 348, 94 S.Ct. 2997, 3011, 41 L.Ed.2d 789 (1973). The Supreme Court in *Gertz* established the method to be used in balancing these competing concerns. *Id.* at 342–351, 94 S.Ct. at 3008–3013.

Ten years prior to *Gertz,* the Supreme Court, in *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), established that public officials may recover damages for defamation only upon proof that "the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279–280, 84 S.Ct. at 725–726. In *Gertz,* the Supreme Court applied the *New York Times* standard to public persons:

> ... who, by reason of the notoriety of their achievement or the vigor and success with which they seek the public's attention, are properly classed as public figures and those who hold governmental office may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth.

*Gertz,* 418 U.S. at 342, 94 S.Ct. at 3008. The Court went on to conclude that, because there is a limited state interest in libel actions brought by public persons, the protection of the *New York Times* privilege should be available to publishers and broadcasters of defamatory falsehood concerning public officials and public figures. *Id.* at 343, 94 S.Ct. at 3008.

■ When allegations against publishers and broadcasters are made for "invasion of privacy," "false light," or "appropriation," the same constitutional protections apply as do to allegations of defamatory falsehood. *Braun v. Flynt,* 726 F.2d 245 (5th Cir.1984). *See also Cantrell v. Forest City Publishing Co.,* 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974); *Time Inc. v. Hill,* 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1966).

At trial, the jury was instructed as to Hustler's claim that Douglass is a limited public figure (R. 134, p. 19) and the constitutional privileges Hustler is entitled to assert in connection with publishing materials relating to a limited public figure. R. 134, p. 17–19. In finding for Douglass and assessing compensatory and punitive damages, the jury clearly rejected Hustler's claim of privilege and was convinced that Hustler acted with actual malice—reckless disregard for the truth. R. 134, p. 39.

Although no invasion of privacy cases have been found in which courts have mandated a particular standard for the burden of proof needed to show actual malice for punitive damages, two important decisions have allowed a "preponderance of the evidence" standard to remain undisturbed.

■ The Supreme Court's opinion in *Cantrell v. Forest City Publishing Co.,* 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974), commented favorably on jury instructions which used "preponderance of the evidence" as the standard for the plaintiff to sustain her burden of proof for liability and actual malice in a false light, invasion of privacy case. *Id.* at 249–250, 95 S.Ct. at 468–469. More recently, in a defamation, invasion of privacy case, the United States Court of Appeals for the Fifth Circuit did not quarrel with a "preponderance of the evidence" standard for the plaintiff's burden of proof as to liability and actual malice necessary for punitive damages. *Braun v. Flynt,* 726 F.2d 245, 248 (5th Cir.1984). The above two cases are the only cases brought to the attention of this Court where the preponderance of the evidence standard for the plaintiff's burden of proof is apparent. Neither the Supreme Court in *Cantrell* nor the United States Court of Appeals for the 5th Circuit in *Braun* saw fit to take issue with this standard. Therefore, the standard of "preponderance of the evidence" was correct and the jury in this case was properly instructed as to its use in determining whether Hustler acted with actual malice.[1]

### C. Jury Awards

Hustler argues that the jury's damage award was excessive and was influenced by passion and prejudice, therefore necessitating a new trial. The award for Douglass assessed against Hustler was $500,000 in compensatory damages and $1,500,000 in punitive damages.

#### Compensatory Damages

■ In determining whether an award of compensatory damages is excessive, the decision of the jury as the finder of fact is given substantial deference especially, as here, in cases involving intangible injuries. *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1275 (7th Cir.1983). "The jury is the collective conscience of the community, and its assessment of damages must be given particular weight when intangible injuries are involved." *Id.* at 1276. Unless the Court is convinced an award is "grossly excessive," "inordinate," "monstrous," or "shocking to the conscience," will the finding of the jury be distrubed. *Huff v. White Motor Corp.,* 609 F.2d 286, 296 (7th Cir.1979); *Gruenthal v. Long Island Rail Road Co.,* 393 U.S. 156, 159 n. 4, 89 S.Ct. 331, 333 n. 4, 21 L.Ed.2d 309 (1968); *Dagnello v. Long Island Rail Road Co.,* 289 F.2d 797, 802 (2d Cir.1961).

In this case the jury could reasonably assess $500,000 in compensatory damages against Hustler based upon Douglass' evidence presented at trial. The jury was properly instructed that compensatory damages include mental anguish and suffering, injury to reputation, personal embarrassment, humiliation, loss of income and security expenses. R. 134, p. 26. *See also Gertz v. Robert Welch Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974).

The jury's award of compensatory damages in the amount of $500,000 cannot fairly be "described as 'grossly excessive' or 'monstrous' or with similar perjorative adjectical terms." *Huff,* 609 F.2d at 297. Therefore, this Court will not disturb the finding of $500,000 in compensatory damages against Hustler. As the jury's determination was reasonable, it could not have been influenced by passion or prejudice. Therefore, a new trial on the issue of compensatory damages is not warranted.

#### Punitive Damages

Hustler claims that the $1,500,000 in punitive damages assessed against it are grossly excessive, shock the judicial con-

---

1. Even assuming that it was error to fail to instruct the jury on the "clear and convincing" standard, such error was harmless. Fed.R. Civ.P. 61. The Court is convinced that the evidence produced at trial clearly and convincingly establishes actual malice on the part of Hustler.

science, and require a new trial. Hustler points out that, after the appellate review, previous awards in libel or invasion of privacy cases are significantly less than the jury award in this case. Hustler states, and Douglass does not dispute, that the largest awards to date upheld on appeal are $400,000 in *Gertz v. Robert Welch, Inc.*, 680 F.2d 527 (7th Cir.1982), *rev'd.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and $485,000 in *Phoenix Newspapers, Inc. v. Church*, 103 Ariz. 582, 447 P.2d 840 (1968), *on remand*, 24 Ariz.App. 287, 537 P.2d 1345 (1975), *cert. denied*, 425 U.S. 908, 96 S.Ct. 1502, 47 L.Ed.2d 759 (1976). Hustler also asserts that the size of the punitive damage award against it is due to passion and prejudice on the part of the jury resulting from plaintiff's color slides showing features from *Hustler Magazine* and *Playboy Magazine* and expert testimony from Douglass' witness as to the differences between the two publications.

This Court agrees that the punitive damages assessed against Hustler are excessive. This Court, however, does not agree that the amount is a result of passion or prejudice on the part of the jury. The jury was correctly instructed as to the appropriate standards for awarding punitive damages and that the amount "must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case." R. 134, p. 27, 28. In order to assess punitive damages against defendant Hustler the jury had to find "that the act or omission" ... "which proximately caused actual injury or damage to the plaintiff was done with actual malice ...". R. 134, p. 27. No one can know exactly how the jury arrived at this particular punitive damage amount.

Punitive damages are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence. *Gertz*, 418 U.S. at 350, 94 S.Ct. at 3012. If a jury award exceeds the amount required to serve the two objec-

tives of punishment and deterrence, the Court must reject it. *McKinley v. Trattles*, 732 F.2d 1320, 1327 (7th Cir.1984); *Lenard v. Argento*, 699 F.2d 874, 890 (7th Cir.1983). Damages should not go beyond deterrence and become a windfall. *Lenard*, 699 F.2d at 890. Therefore, it is important that courts exercise control over excessive awards.

As the Court stated in *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 160, 87 S.Ct. 1975, 1994, 18 L.Ed.2d 1094 (1967):

We think the constitutional guarantee of freedom of speech and press is adequately served by judicial control over excessive jury verdicts, manifested in this instance by the trial court's remittitur....

The correct standard is to award reasonable damages "considering the purpose to be achieved as well as the corporate defendant's wanton or reckless indifference to the plaintiff's rights." *Curtis Publishing Co. v. Butts*, 351 F.2d 702, 719 (5th Cir.1965), *rev'd.*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). An excessive damage award can chill the First Amendment rights of not only the particular defendant involved but of other publishers and broadcasters as well. The Supreme Court in *Gertz* expressed concern that juries might assess large punitive damages in order to punish expression of unpopular views as well as "unnecessarily exacerbate the danger of media self-censorship...." *Gertz*, 418 U.S. at 350, 94 S.Ct. at 3012.

On hearing a motion for a new trial, if the district court determines that a properly instructed jury has awarded excessive damages, the court may grant a new trial unless the plaintiff agrees to a remittitur of a stated amount. If the plaintiff does agree to accept the reduced amount, the motion for a new trial is denied. *Linn v. United Plant Guard Workers of America Local 114*, 383 U.S. 53, 65–66, 86 S.Ct. 657, 664–665, 15 L.Ed.2d 582 (1966).

In this case, the jury's award of $1,500,000 in punitive damages against Hustler shocks the conscience of the Court as it far exceeds the necessary and permis-

sible level which would reasonably provide punishment and deterrence. Taking into consideration all relevant factors, it is the opinion of this Court that $100,000 in punitive damages is a reasonable amount.[2]

### III. CONCLUSION

For the reasons stated above, this Court denies Hustler's motion for judgment notwithstanding the verdict. The Court, however, will grant Hustler's motion for a new trial unless Douglass agrees to remittitur of $600,000. If Douglass accepts remittitur within 30 days from entry of this order, Hustler's motion for a new trial will be denied.

IT IS SO ORDERED.

---

2. The Court has considered Hustler's remaining arguments on post-trial motions and finds them to be without merit.